**FILED**
July 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LIVINGSTON MAXIMILLIANO SALAZAR VALENCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1953-RP |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | § | |
| | § | |
| Respondents. | § | |

**TRANSFER ORDER**

Before the Court is the above-entitled cause of action. Petitioner Livingston Maximilliano Salazar Valencia ("Petitioner") filed his Petition for a Writ of Habeas Corpus on July 13, 2026. (Dkt. 1). Petitioner brings a petition under 28 U.S.C. § 2241 challenging his detention as a violation of the Constitution and federal statutes. (*Id.* at 7). Petitioner alleged he was detained at the T. Don Hutto Detention Center in Taylor, Texas. (*Id.* at 1). On July 16, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause as to why Petitioner's Petition should not be granted. (Dkt. 4).

On July 20, 2026, Respondent U.S. Immigration and Customs Enforcement[1] ("ICE") filed a response in opposition. (Dkt. 5). In their Response, Respondents represent that Petitioner was transferred out of the Western District of Texas on July 11, 2026, prior to when Petitioner filed his Petition with this Court. (*Id.* at 1–2). Petitioner is currently detained at the California City Corrections Center, which is located within the Eastern District of California. (*Id.* at 1–2). The

[1] The Response purports to be from "Federal Respondents" and notes that "[t]he Department of Justice represents only federal employees in this action," though Petitioner only named ICE as a Respondent. (Resp., Dkt. 5, at 1 n.1; Pet., Dkt. 1, at 1). To match Respondents' styling, the Court will refer to Respondents in the plural.

Supreme Court has held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*, 542 U.S. at 443 and similarly concluding that for core habeas petitions, jurisdiction lies in only one district: the district of confinement). Because Petitioner was moved to the Eastern District of California *before* the filing of this action, this Court lacks jurisdiction over his habeas petition. *See Rumsfeld*, 542 U.S. at 441 ("When the Government moves a habeas petitioner *after* she properly filed a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") (emphasis added).

The relevant venue statute provides that when a case is filed in the wrong district, the district court "shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division on which it could have been brought." 28 U.S.C. § 1406(a). Similarly, § 1404(a) grants a district court discretion "for the convenience of the parties and witnesses, in the interest of justice [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Given that Petitioner is confined in the Eastern District of California, and that this case should have been filed in that district in the first instance, transfer of the case is proper pursuant to both §§ 1406(a) and 1404(a).

Accordingly, because the California Corrections Center is located in Kern County, California, **IT IS ORDERED** that this case is **TRANSFERRED** to the Fresno Division of the Eastern District of California.

**SIGNED** on July 23, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE